SPECTOR TERMINALS, INC., APPELLANT, *v.* BOARD OF EDUCATION OF THE NORDONIA HILLS SCHOOL DISTRICT ET AL., APPELLEES.

(No. 11055—Decided June 22, 1983.)

*Mr. Daniel J. Gunsett* and *Mr. Joseph J. Van Heyde II,* for appellant.

*Mr. Michael L. Gordon,* for appellee Board of Education.

*Mr. Lynn Slaby,* prosecuting attorney, for appellee Board of Revision.

GEORGE, J. This appeal was taken from a decision of the Board of Tax Appeals increasing the taxable value of certain property. The judgment is affirmed.

The appellant purchased 21.38 acres in Northfield, Ohio, in 1970 on which a one-hundred-seven-door truck terminal was located. In August 1978, appellant sold the property to American Property Investors VIII ("API") for $2,300,000. Coincidentally, with the purchase, API leased the property back to the appellant on a twenty-five-year lease with annual rental payments of $246,000.

Appellee Summit County Board of Revision determined that the land and buildings had a fair market value of $1,897,360 and a taxable value of $671,090. Appellee Board of Education of the Nordonia Hills School District ("board of education") objected to the findings and filed a notice of appeal with the Board of Tax Appeals. The Board of Tax Ap-

peals found the fair market value of the property to be $2,300,000 and the taxable value to be $805,000 for the tax lien date of January 1, 1979.

### Assignment of Error 1

"The Board of Tax Appeals erred by increasing the fair market value and taxable value of the subject property in Northfield, Ohio, as determined by the Summit County Board of Revision from $1,897,360.00 and $671,090.00, respectively, to $2,300,000.00 and $805,000.00, respectively. The Board of Tax Appeals erroneously concluded that the sale-leaseback agreement between Spector Terminals, Inc. and American Property Investors VIII was an actual, recent sale of the property in an arm's-length transaction, and as such, was the best evidence of the value of the subject property on January 1, 1979 — the tax lien date. This Decision and Order was unreasonable, unlawful and against the manifest weight of the evidence and, accordingly, should be reversed."

Appellant contends that the contract price for the sale of the land and buildings did not represent the true value of the property, but was merely the culmination of various unrelated business considerations.

The appropriate method to be used for valuation of property in assessing taxes is well-settled. The Supreme Court in *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 412 [25 O.O.2d 432], stated:

"The best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so. * * *"

The Board of Tax Appeals found the sale was an arm's-length transaction and was made within a time close to the tax lien date. Based upon the record before the Board of Tax Appeals, this court finds that board's decision not to be unreasonable or unlawful and the decision is sup-

ported by the evidence. Accordingly, the first assignment of error is overruled.

### Assignment of Error 2

"The final Decision and Order of the Board of Tax Appeals was entered in violation of 11 U.S.C. §362(a) and is therefore void as a matter of law."

R.C. 323.41 (formerly R.C. 5719.19) provides that taxes levied against real property shall be the obligation of the property owner. The record indicates that pursuant to the contract of sale, API became the owner in fee of the subject property. The duty to pay the taxes then became a legal obligation imposed upon API.

The lease drawn between appellant and API provided that appellant was to pay the taxes. Appellant, however, held only a leasehold interest in the property. Thus, API, as the record owner of the property, was primarily liable for the payment of the taxes.

Neither the proceeding instituted to object to the valuation of the property, nor the subsequent ruling, was contrary to Section 362, Title 11, U.S. Code, as appellant was not the fee owner. Appellant is the only party to whom the automatic stay in bankruptcy applies. "* * * The automatic stay does not preclude creditor actions against other parties who have not filed * * *" actions in the Bankruptcy Court. *In re Cloud Nine, Ltd.* (Bankr. Ct. N.M. 1980), 3 Bankr. 202, 204. The proceedings against the owner of the property on the tax lien was not against appellant, but against API.

The court finds the Board of Tax Appeals was within its jurisdiction to conduct the proceedings and did so without prejudice to the automatic stay of the Bankruptcy Court. Accordingly, the second assignment of error is overruled. The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.